UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PETER THOMPSON,

Plaintiff,

-v. -

CRF-CLUSTER MODEL
PROGRAM, LLC,

Defendant.

19 Civ. 1360(KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

On the record on May 5, 2021, Plaintiff requested appointment of pro bono counsel for the limited purpose of pursuing a settlement conference. For the reasons discussed below, Plaintiff's application for appointment of pro bono counsel is granted. The Clerk of Court is directed to attempt to locate pro bono counsel to represent Plaintiff for the limited purpose of assisting Plaintiff with settlement.

Pursuant to 28 U.S.C. § 1915(e)(1), courts may appoint an attorney to represent someone unable to afford counsel. Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted. (*See* Dkt. #4 (Order dated March 19, 2019). Plaintiff therefore qualifies as indigent. Courts possess broad discretion when determining whether appointment is appropriate, "subject to the requirement that it be 'guided by sound legal principle.'" *Cooper* v. *A. Sargenti Co., Inc.*, 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting *Jenkins* v. *Chemical Bank*, 721 F.2d 876, 879 (2d Cir. 1983)). The Second Circuit set forth the principle as follows:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge* v. *Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986). The Second Circuit also held that these factors are not restrictive and that "[e]ach case must be decided on its own facts." *Id.* at 61. Given the parties' divergent views on: (i) the relevant facts at issue in this case, (ii) the issues for litigation, and (iii) the value of the case, the Court believes that settlement discussions would be most efficacious if Plaintiff had counsel and therefore the Court finds that, in this case, appointment of pro bono counsel is justified.

For the foregoing reasons, the Clerk of Court is directed to attempt to locate pro bono counsel to represent Plaintiff for the limited purpose of assisting Plaintiff with settlement. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. Nevertheless, this litigation will progress at a normal pace. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and plaintiff should be prepared to proceed with the case pro se. The Court has established a Pro Bono Fund to encourage greater

2

attorney representation of pro se litigants. The Fund is especially intended for attorneys for whom pro bono service is a financial hardship. *See* http://www.nysd.circ2.dcn/docs/prose/pro_bono_fund_order.pdf.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:   May 6, 2021
         New York, New York

_____
        KATHERINE POLK FAILLA
        United States District Judge